IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES WILLIAMS, JR.              *
         Petitioner,
    v.                           *      CIVIL ACTION NO. JFM-15-1509

SUSAN RICE, *et al.*             *
         Respondents.
                               *****

## MEMORANDUM

I.     Procedural History

On May 26, 2014, the court received the above-captioned case, representing James Williams,

Jr.'s ("Williams") attempt to file a 28 U.S.C. § 2254 attack on his July 10, 2013 convictions in the

Circuit Court for Charles County.   On August 7, 2015, a court-ordered response was filed.   ECF

No. 6.   On October 5, 2015, Williams filed a timely reply. ECF No. 9.

II.    Standard of Review

Before a petitioner seeks federal habeas corpus relief, he must exhaust each claim presented

to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*,

806 F.2d 838, 840 (4th Cir. 1986).  This exhaustion requirement is satisfied by seeking review of the

claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*,

526 U. S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c).  In Maryland, this may be accomplished by

raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v.*

*Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). The

exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001), *cf. Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *See O'Sullivan v. Boerckel*, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state's highest court. *Id.* at 847. Exhaustion is not required if at the time a federal habeas corpus petition is filed petitioner has no available state remedy. *See Teague v. Lane,* 489 U.S. 288, 297-98 (1989); *Bassett v. Thompson,* 915 F.2d 932, 937 (4th Cir. 1990).

III. Analysis

Williams was convicted in the District Court of Charles County of driving on a suspended license and displaying expired registration plates. He filed a motor vehicle appeal to the Circuit

Court for Charles County and was convicted of the offenses on July 10, 2013, and was sentenced to serve six months in prison, all suspended, with three years of probation.  ECF No. 6-1.  Williams' order of appeal, treated as a petition for writ of certiorari, alleged that: (1) the circuit court erred by: never inquiring [into] jurisdiction, failing to grant Williams complete and full discovery from the State, deciding that Williams was required to possess a driver's license when he was not involved in commerce upon any highway, denying unopposed judicial notices and motions which showed bias and favoritism, failing to accept the "Nisi Rule," allowing the prosecution to use presumptions in lieu of physical evidence, failing to be fair, impartial or neutral in the decision-making process, failing to follow "Stare Decisis," using "vague terms not inducing statutory construction for the legislative meaning of terms," allowing the prosecution to pursue a "Nuremberg Type of Defense," finding him guilty of the offenses charged as crimes, and accepting into evidence a certified driving record which was erroneous and lacked authenticity.  ECF No. 6-2.  On March 14, 2014, the Court of Appeals of Maryland denied Williams' petition for writ of certiorari.  Williams' motion and amended motion for reconsideration raised the following grounds: the trial court denied him his right of due process by failing to disclose evidence of subject matter jurisdiction and the trial court showed bias by not granting his demand for disclosure of all exculpatory evidence.  ECF No. 6-3. Williams' certiorari request to the U.S. Supreme Court was denied on January 12, 2015.  *See Williams v. Maryland*, 135 S.Ct. 983 (2015).  The petition for rehearing was denied on March 23, 2015.  *See Williams v. Maryland*, 135 S.Ct. 1587 (2015).

3

Generously construing the grounds raised in the instant § 2254 petition, Williams raises the following claims: (1) his stop was unlawful; (2) he does not possess a suspended license, (3) he was cited with a factitious license; (4) the State cannot suspend something that does not exist; (5) he was not engaged in commerce; (6) the circuit court did not have subject matter jurisdiction; and (7) he was denied due process as there was insufficient evidence to convict him. ECF No. 1 at pgs. 12-13.

Respondents argue that Williams has not pursued state post-conviction relief.   They maintain that to the extent that Williams has raised federal claims, he has not yet raised them in the state court, and his petition should be dismissed for non-exhaustion.

In his reply Williams argues that respondents' claims are false and misleading.  There is no proffered dispute with respondents' claim that no post-conviction petition was filed in the state courts. ECF No. 9.  Williams seemingly states that during a June 23, 2015 violation of probation hearing he was informed that no relief was available to him in the state courts.  ECF No. 9-A.  He additionally alleges that after his circuit court conviction he filed timely motions for reconsideration and to vacate to allege that he was not engaged in commerce.  *Id*  Williams further contends that respondents have not substantially  responded on the merits to his claim of due process violations and the failure to obtain justice in the state courts.  He further claims that on appeal he challenged the jurisdiction of the circuit court.

The record presented to the court clearly shows that to the extent that Williams has raised constitutional grounds subject to federal habeas corpus review,[1] he has not exhausted his remedies as

---

[1]      28 U.S.C. § 2254  confers  jurisdiction upon federal courts to issue a writ of habeas corpus

required under § 2254(c).  A petitioner need not first present his habeas claims to the state court if

the exhaustion requirement has been waived by the state, state court remedies are ineffective to

protect petitioner's right, or there are no available state remedies at the time of filing his § 2254

petition. *See* 28 U.S.C. § 2254(b).

Respondents submit that the exhaustion requirement should not be excused in Williams'

case.   They aver that there is no impediment to Williams pursuing post-conviction relief and

remedies remain available to Williams.

There is no dispute that while Williams obtained appellate review by way of the Court of

Appeals of Maryland, arguably only two of the  seven grounds raised herein were raised going to

William's "commerce" and "jurisdiction" claims.  Therefore, his grounds contain exhausted and

unexhausted claims.  Remedies on state collateral review remain available to Williams.  *See* Md.

Code Ann., Crim. Proc. Art., §§ 7-101, *et seq*.  The post-conviction process may allow him to

present these claims and to have them addressed on the merits.  The court sees no basis for waiver of

exhaustion requirements.  Consequently, the petition is not subject to substantive review in federal

court at this time. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *see also Coleman v. Thompson*,

501 U.S. 722, 731 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

Williams must satisfy the provisions of 28 U.S.C. § 2253(c) before a Certificate of

Appealability may issue.  Section 2253 provides that a Certificate of Appealability may issue only if

the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. §

---

"in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in

2253(c)(2).  Williams  is not required to show that he would prevail on the merits. *See Slack v.. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. at 484).  Because Williams has not made a substantial showing of the denial of his constitutional rights, this court declines to issue a certificate of appealability.

III.    Conclusion

For the aforementioned reasons, the court shall dismiss the petition without prejudice for the failure to exhaust state court remedies.  A separate Order shall be entered reflecting this decision.

Date: _____          _____
                                 J. Frederick Motz
                                 United States District Judge

custody in violation of the Constitution or laws or treaties of the United States." § 2254(a).

6